IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMEKA NEIL, | ) | |
|         Plaintiff, | ) | |
|     v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061); CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DLANEY, STAR NO. 4024; OTHER UNKNOWN CHICAGO POLICE OFFICERS, Individually, and as Employee/Agents of the CITY OF CHICAGO, a Municipal Corporation, and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12 cv 08220<br><br>Hon. Rebecca R. Pallmeyer<br><br>Magistrate Kim<br><br><br><br>JURY DEMAND |
| | ) | |
|         Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER, AFFIRMATIVE DEFENSES,
AND FEDERAL RULE 12(B)(6) DEFENSES AND JURY DEMAND TO
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW</u>**

Defendants, Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, Sergeant Rentner, and Officer Delaney (collectively "Defendant Officers") by and through their counsel, Susan E. Sullivan of SWANSON, MARTIN & BELL, LLP, submit the following answer, affirmative defenses, and Federal Rule 12(b)(6) defenses and jury demand to Plaintiffs' First Amended Complaint at Law:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**ANSWER: Defendant Officers admit that Plaintiff filed her Complaint alleging a civil rights action. Defendants admit that jurisdiction is proper. Defendant Officers deny Plaintiff's claims as asserted and deny the remaining allegations contained in paragraph 1.**

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**ANSWER: Defendant Officers admit that venue is proper but deny Plaintiff's claims as asserted and deny the remaining allegations contained in paragraph 2.**

3. Plaintiff, JERMEKA NEIL, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

**ANSWER: Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.**

4. Defendants, CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, and OTHER UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

**ANSWER: Defendant Officers, admit that Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, Sergeant Rentner, and Officer Delaney are, and were at all relevant times, employees of the City of Chicago Police Department. Defendant Officers further admit that, at all relevant times, were on duty and in the course and scope of their**

employment and acting under color of law.  Defendant Officers deny Plaintiff's claims as asserted and deny the remaining allegations contained in paragraph 4.

## FACTUAL SUMMARY

5. On October 13, 2011, Plaintiff was a passenger in a car driven by Brian Herron.

**ANSWER:** Defendant Officers, upon information and belief, admit that at some point in time on October 13, 2011, Plaintiff occupied the passenger seat of a car while Brian Herron occupied the drivers' seat.  However, Defendant Officers, upon information and belief, deny that on October 13, 2011, Plaintiff was exclusively a passenger in a car driven by Brian Herron.  Defendant Officers deny the remaining allegations contained in paragraph 5.

6. Mr. Herron's vehicle was struck by an unmarked police vehicle driven by Defendant Sgt. Renter in a parking lot located at 111 N. Kedzie.

**ANSWER:** Defendant Officers admit that on October 13, 2011, Sergeant Rentner was in the driver's seat of an unmarked police vehicle in a parking locate located in the vicinity of 111 N. Kedzie Avenue in Chicago, Illinois when Sergeant Rentner's vehicle was struck.  Defendant Officers deny the remaining allegations contained in paragraph 6.

7. The Defendant Officers and Other Unknown Police Officers pursued Mr. Herron's vehicle to the vicinity of 701 N. Kedzie Avenue where it pulled over.

**ANSWER:** Defendant Officers admit they followed the vehicle occupied by Brian Herron and Plaintiff to the vicinity of 701 N. Kedzie Avenue in Chicago, Illinois.  Defendant Officers further admit that the vehicle they followed came to a stop in the vicinity of 701 N. Kedzie Avenue in Chicago, Illinois.  Defendant Officers deny the remaining allegations contained in paragraph 7.

8. The Defendant Officers forced the Plaintiff out of the passenger seat of the car and onto the ground at approximately 701 N. Kedzie Avenue. The Defendant Officers began to beat the Plaintiff about the head and body striking her multiple times with an unknown blunt object in the temple area.

**ANSWER: Officer Delaney denies the allegations contained in paragraph 8 as directed to his own conduct. Officer Delaney is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, or Sergeant Rentner forced the Plaintiff out of the passenger seat of the car and onto the ground or struck the Plaintiff about the head and body with an unknown blunt object. Officer Delaney denies the remaining allegation contained in paragraph 8. Sergeant Rentner denies the allegations contained in paragraph 8 as directed to his own conduct. Sergeant Rentner is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, or Officer Delaney forced the Plaintiff out of the passenger seat of the car and onto the ground. Sergeant Rentner denies the remaining allegation contained in paragraph 8. Officer Kroll denies the allegations contained in paragraph 8 as directed to his own conduct. Officer Kroll is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Frigo, Officer Corona, Officer Wyroba, Sergeant Rentner or Officer Delaney forced the Plaintiff out of the passenger seat of the car and onto the ground. Officer Kroll denies the remaining allegation contained in paragraph 8. Officer Lesch denies the allegations contained in paragraph 8. Officer Corona denies the allegations contained in paragraph 8. Officer Wyroba denies the allegations contained in paragraph 8 as directed to his own conduct.**

**Officer Wyroba is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Delaney, or Sergeant Rentner forced the Plaintiff out of the passenger seat of the car and onto the ground or struck the Plaintiff about the head and body with an unknown blunt object. Officer Wyroba denies the remaining allegation contained in paragraph 8. Officer Frigo denies the allegations contained in paragraph 8 as directed to his own conduct. Officer Frigo is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Wyroba, Officer Corona, Officer Delaney, or Sergeant Rentner forced the Plaintiff out of the passenger seat of the car and onto the ground or struck the Plaintiff about the head and body with an unknown blunt object. Officer Frigo denies the remaining allegation contained in paragraph 8.**

9.      While the Plaintiff was being beaten, the Defendant Officers began to mock the Plaintiff and make derogatory comments regarding her sexual orientation.

**ANSWER:    Officer Delaney is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, or Sergeant Rentner mocked Plaintiff and made derogatory comments regarding her sexual orientation. Officer Delaney further denies the conduct complained of as directed to his own conduct and denies the remaining allegations contain in paragraph 9. Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, and Sergeant Rentner deny the allegations contained in paragraph 9. Officer Wyroba is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Delaney, or Sergeant Rentner mocked Plaintiff and made derogatory comments regarding her sexual**

5

orientation. Officer Wyroba further denies the conduct complained of as directed to his own conduct and denies the remaining allegations contain in paragraph 9. Officer Frigo is without knowledge or information sufficient to form a belief as to the truth of whether Officer Lesch, Officer Kroll, Officer Delaney, Officer Corona, Officer Wyroba, or Sergeant Rentner mocked Plaintiff and made derogatory comments regarding her sexual orientation. Officer Frigo further denies the conduct complained of as directed to his own conduct and denies the remaining allegations contain in paragraph 9.

10. The Plaintiff was treated at St. Mary's Hospital for her injuries sustained in the beating.

**ANSWER:** Officer Lesch admits that Plaintiff was treated at St. Mary's Hospital but denies the remaining allegations contained in paragraph 10. Officer Delaney, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, Sergeant Rentner lack knowledge sufficient to form a belief as to the truth of whether the Plaintiff was treated at St. Mary's Hospital. Officer Delaney, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, Sergeant Rentner deny the remaining allegations contained in paragraph 10.

11. After the Plaintiff was discharged from St. Mary's Hospital, she was taken to a Chicago Police station and placed in an interview room.

**ANSWER:** Officer Lesch admits that Plaintiff was discharged from St. Mary's Hospital and taken to a Chicago Police station. At this time, Officer Lesch is without knowledge sufficient to form a truth as to whether the Plaintiff was placed in an interview room. Offiver Lesch denies the remaining allegations contained in paragraph 11. Officer Delaney, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, and Sergeant Rentner lack knowledge sufficient to form a belief as to the truth of whether the Plaintiff

6

was discharged from St. Mary's Hospital. Officer Delaney, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, and Sergeant Rentner admit that the Plaintiff was taken to a Chicago Police station. Officer Delaney, Officer Kroll, Officer Frigo, Officer Corona, and Officer Wyroba lack knowledge sufficient to form a belief as to the truth of whether the Plaintiff was placed in an interview room. Officer Delaney, Officer Kroll, Officer Frigo, Officer Corona, and Officer Wyroba deny the remaining allegations contained in paragraph 11. Sergeant Rentner admits the Plaintiff was taken to an interview room, but denies the remaining allegations contained in paragraph 11.

12. While in the interview room, Defendant Officers continued to mock the Plaintiff and make derogatory comments regarding her sexual orientation, calling her a "dyke bitch" and threatening her with incarceration in a federal penitentiary.

**ANSWER:** Officer Delaney, Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, and Officer Wyroba deny the allegations as directed to his own conduct but are without knowledge sufficient to form a belief as to the truth of that allegation that Plaintiff was placed into and interview room. Officer Delaney, Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, and Officer Wyroba deny the remaining allegations contained in paragraph 12. Sergeant Rentner denies the allegations contained in paragraph 12.

13. In order to cover up for each other's misconduct in the beating of the Plaintiff, the Plaintiff was charged with false felony criminal charges of aggravated fleeing and alluding, despite the fact she was not the driver of the vehicle. Plaintiff was also falsely charged with felony possession of ecstasy.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 13.

14. Defendant Officers DELANEY, LESCH and KROLL signed the Plaintiff's sworn arrest report as the arresting officers, knowing the contents of the report regarding the incident to be false.

**ANSWER:** **Defendant Officers deny the allegations contained in paragraph 14.**

15. The Defendant Officers also conspired to cover up their own and each other's misconduct by making false statements to Detectives and Cook County prosecutors and generating false police reports and criminal complaints.

**ANSWER: Defendant Officers deny the allegations contained in paragraph 15.**

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

16. Plaintiff re-alleges and incorporates paragraphs 1-15 as fully stated herein.

**ANSWER:** **Defendant Officers' answers to Plaintiff's allegations in each of the preceding paragraphs are restated and incorporated here by reference in response to paragraph 16.**

17. As described above, Defendant Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

**ANSWER: Defendant Officers deny the allegations contained in paragraph 17.**

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

**ANSWER:** **Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 18.**

19. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**ANSWER:** **Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 19.**

## COUNT II
### 42 U.S.C. § 1983: Excessive Force

20. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

**ANSWER: Defendant Officers' answers to Plaintiff's allegations in each of the preceding paragraphs are restated and incorporated here by reference in response to paragraph 20.**

21. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 21.**

22. As a result of the unreasonable and unjustifiable excessive force used by the Defendant Officers, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 22.**

## COUNT III
### Equal Protection Violation

23. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

**ANSWER: Defendant Officers' answers to Plaintiff's allegations in each of the preceding paragraphs are restated and incorporated here by reference in response to paragraph 23.**

24. The beating, arrest and subsequent prosecution of the Plaintiff were motivated by an anti-gay bias. The Defendant Officers repeatedly used anti-gay rhetoric and various anti-gay derogatory terms during the beating and arrest of the Plaintiff.

9

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 24.**

25. In doing so, the excessive force, unlawful seizure and prosecution of the Plaintiff were hate motivated and based on the Plaintiff's sexual orientation. Such conduct constitutes a violation of Section 1983, but also a violation of the Equal Protection Clause.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 24.**

## COUNT IV
### State Law Claim – Intentional Infliction of Emotional Distress

26. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

**ANSWER: Defendant Officers' answers to Plaintiff's allegations in each of the preceding paragraphs are restated and incorporated here by reference in response to paragraph 26.**

27. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 27.**

28. Defendant Officers' actions and conduct did directly and proximately cause a severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 28.**

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 29.**

30. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 30.**

## COUNT V
### Section 1983 Conspiracy Claims

31. Plaintiff re-alleges and incorporates paragraphs 1-15 above as fully stated herein.

**ANSWER: Defendant Officers' answers to Plaintiff's allegations in each of the preceding paragraphs are restated and incorporated here by reference in response to paragraph 31.**

32. In agreeing to falsely charge Plaintiff with a criminal offense without any reason to believe the Plaintiff had committed a crime, the Defendant Officers acted in concert with each other to intentionally deprive Plaintiff of her Constitutional rights under color of law.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 32.**

33. In furtherance of this conspiracy, the Defendant Officers took overt acts in fabricating false police reports, and giving false testimony under oath, in an effort to unlawfully convict Plaintiff of a criminal offense, withholding this exculpatory evidence, all in violation of both state and federal law.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 33.**

34. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 34.**

35. As a result of the above-described wrongful infringement of Plaintiff's rights, she has suffered financial and other damages, including but not limited to emotional stress and anguish.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 35.**

36. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

**ANSWER: Defendant Officers deny the conduct complained of and the remaining allegations contained in paragraph 36.**

## COUNT VI
### State Law claim: Indemnification

37 – 39. **Defendant Officers' make no answer to the allegations contained in paragraphs 37 – 39 because these allegations are directed at the City of Chicago.**

### AFFIRMATIVE DEFENSES and FEDERAL RULE 12(B)(6) DEFENSES

1. Defendant Officers was and are a government official (police officer) who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers would have believed their actions to be lawful in light of clearly-

12

established law and the information Defendant Officers possessed. Therefore, they are entitled to qualified immunity as to Plaintiff's federal law claims.

2. Probable cause is an absolute defense to a Section 1983 false arrest/illegal seizure claim.

3. Plaintiff has failed to state a claim for any violation of her right to equal protection in Count III of her complaint and any claim for intentional infliction of emotional distress in Count IV of her complaint.

4. Under Illinois Tort Immunity Act, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

5. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2006).

6. As to all state law counts, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to detain, question and arrest Plaintiff, based upon the information and circumstances known to Defendant Officers at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2006).

7. Defendant Officers had probable cause to arrest Plaintiff, and there was no motivation of malice by the Defendant Officers. *See Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 45 (1980); *Johnson v. Target Stores, Inc*. 241 Ill. App. 3d 56, 72 (1st Dist. 2003) (*quoting*

*Turner v. City of Chicago*, 91 Ill. App. 3d 931, 934 (1st Dist. 1980)); *Stephens v. Taylor*, 331 Ill. App. 3d 508, 512 (3d Dist. 2002).

8. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee, as such, acting within the scope of his employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

9. Where Defendant Officers may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of the principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of Plaintiff, which was the proximate cause of his injuries and damages.

10. At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars their recovery entirely when plaintiffs are more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

11. To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that the Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury in this case.

12. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill. 2d

41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

13. Any award of punitive damages against any officer would deprive the City's agents and employees, if any, of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and (b) the award of punitive damages is disproportionate to actual damages.

14. Plaintiff is not entitled to attorney's fees for his state law claims. *Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

## JURY DEMAND

Defendant Officers demand a trial by jury.

SWANSON, MARTIN & BELL, LLP

By: /s/Susan E. Sullivan
*As Attorney for Defendant Officers*

SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3300
Chicago, Illinois 60611
Office: (312) 321-9100
Fax: (312) 321-0990
Atty. No. 06238201
Email: ssullivan@smbtrials.com