IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMEKA NEIL, | ) | No.: 12-C-8220 |
| | ) | |
| Plaintiff, | ) | JUDGE ELLIS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KIM |
| | ) | |
| CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Now come the parties by and through their attorneys and pursuant to the Court's October 25, 2013, order, jointly submit their Initial Status Report as follows:

**1.     Nature of the Case:**

**A.**     The attorneys of record for the Plaintiff are Jeffrey J. Neslund, Law Offices of Jeffrey J. Neslund and Michael D. Robbins, Michael D. Robbins & Associates.  The attorneys of record for the Defendant Officers are Susan E. Sullivan and Ryan Finlen of Swanson, Martin & Bell, LLP.

**B.     Basis for Federal Jurisdiction**: This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**C**.     **Nature of claims: Plaintiff**: This is a Section 1983 case based on Plaintiff's arrest on October 13, 2011.  On October 13, 2011, Plaintiff was a passenger in a car driven by Brian Herron. Plaintiff alleges Mr. Herron's vehicle was struck by an unmarked police vehicle driven by  Defendant Sgt. Renter in a parking lot located at 111 N. Kedzie.  Plaintiff also alleges the Defendant Officers and Other Unknown Police Officers pursued Mr. Herron's vehicle to the vicinity of 701 N. Kedzie Avenue where it pulled over and then Defendants forced the Plaintiff out of the passenger seat of the car and onto the ground. Plaintiff further alleges the Defendant Officers beat the Plaintiff about the head and body striking her multiple times with an unknown blunt object in the temple area.  While the Plaintiff was being beaten, Plaintiff alleges

1

the Defendant Officers began to mock the Plaintiff and make derogatory comments regarding her sexual orientation. The Plaintiff was treated at St. Mary's Hospital for her injuries sustained in the beating. After the Plaintiff was discharged from St. Mary's Hospital, she was taken to a Chicago Police station and placed in an interview room where Defendant Officers continued to mock the Plaintiff and make derogatory comments regarding her sexual orientation, calling her a "dyke bitch" and threatening her with incarceration in a federal penitentiary. Plaintiff alleges that in order to cover up for each other's misconduct in the beating of the Plaintiff, the Plaintiff was charged with false felony criminal charges of aggravated fleeing and eluding, despite the fact she was not the driver of the vehicle as well as falsely charged with felony possession of ecstasy. Plaintiff's claims are: False Arrest/Unlawful Detention; Excessive Force; Equal Protection Violation; Intentional Infliction of Emotional Distress; Conspiracy and Indemnification.

**Defendants**: Defendants deny the misconduct alleged in Plaintiff's complaint and claim they had probable cause to arrest Plaintiff and any force used during her arrest was reasonable.

**D. Relief sought by Plaintiff:** A judgment entered in her favor against Defendants; award compensatory damages against Defendants; award attorneys' fees against Defendants; award punitive damages against Defendants and for such other relief this Court deems just and appropriate. The next court date in Plaintiff's criminal case is November 14, 2013.

**E. Parties not served:** None.

2. **Pending Motions and Case Plan**

**A. Pending Motions:** On September 25, 2013, Judge Pallmeyer entered a Minute Order staying the proceedings until November 25, 2013, and allowed Plaintiff to take the deposition of Andrea Cooper which is scheduled for November 18, 2013 at 10:00 a.m. There are no pending motions.

**B. Discovery taken/Discovery that remains to be taken:** Plaintiff has served interrogatories and a request for production on the Defendants which have been answered. Defendants served Plaintiff with interrogatories and a request for production on September 17, 2013. Plaintiff has not responded to Defendants discovery since the case is stayed. No depositions have been taken in this matter. Plaintiff expects to take the depositions of each defendant officer as well as independent witnesses. Defendants expect to take the depositions of witnesses identified in Plaintiff's Rule 26(a) disclosure, including but not limited to witnesses with knowledge of Plaintiff's arrest, witnesses with knowledge of Plaintiff's alleged damages, and Plaintiff's treating medical care providers. Defendants anticipate that expert discovery will be necessary.

**C. Description of substantive Rulings issued in case**: On September 25, 2013, the case was stayed until November 25, 2013; on June 25, 2013, IPRA's Motion to Quash Plaintiff's subpoena was granted in part and denied in part giving IPRA 14 days to produce investigatory file to Plaintiff for attorneys' eyes only; IPRA has complied and produced their file

to both parties; on February 13, 2013, the Defendants' Motion to Dismiss certain claims of Plaintiff's First Amended Complaint was denied.

        D.     **Anticipated Motions:** None at this time.

        E.     **With respect to trial, state the following:**
           1.     Plaintiff requests a jury trial.

           2.     At this time Plaintiff expects a trial will take to take approximately one week. Defendants believe a trial of this matter will take approximately two weeks.

           3.     The parties anticipate the case will be ready for trial in mid to late 2014, depending on the termination of the criminal proceedings.

           4.     A final pretrial order has not been filed. The final pretrial order is currently due on January 31, 2014. This pre-trial order deadline was entered prior to the stay of discovery, and the Court indicated that all deadlines would be re-set after discovery resumed.

        F.     Plaintiff agrees to service of pleadings and other papers by electronic means. Defendants agree to service of pleadings and other papers by electronic means.

   3.     **Referrals and Settlement:**
        A.     This case has not been referred to the Magistrate Judge for discovery supervision or settlement conference.

        B.     Settlement discussions have not occurred between the parties.

        C.     The parties do not request a settlement conference before this Court or the Magistrate Judge at this time.

        D.     The parties do not consent to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

Respectfully submitted,                                     Respectfully submitted,

/s/ Jeffrey J. Neslund                                /s/ *Susan Sullivan*
Jeffrey J. Neslund                                       Susan Sullivan

Law Offices of Jeffrey J. Neslund           Swanson, Martin & Bell, LLP
20 North Wacker Drive, Suite 3710          330 N. Wabash Avenue, Suite 3300
Chicago, IL 60606                                     Chicago, IL 60611
(312) 223-1100                                          (312) 321-9100