IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMEKA NEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 12 CV 8220 |
| | ) | |
| CHICAGO POLICE OFFICER NICHOLAUS | ) | |
| LESCH, STAR NO. 13061; CHICAGO POLICE | ) | JUDGE PALLMEYER |
| OFFICER ANDREW KROLL, STAR NO. | ) | |
| 14373; CHICAGO POLICE OFFICER TERRY | ) | MAGISTRATE KIM |
| FRIGO, STAR NO. 8585; CHICAGO POLICE | ) | |
| OFFICER SERGIO CORONA, STAR NO. 3331; | ) | JURY DEMAND |
| CHICAGO POLICE OFFICER ALBERT | ) | |
| WYROBA, STAR NO. 3152; CHICAGO | ) | |
| POLICE SERGEANT RENTER, STAR NO. | ) | |
| 2052; CHICAGO POLICE OFFICER R. | ) | |
| DELANEY, STAR NO. 4024; CHICAGO | ) | |
| POLICE OFFICER ANGEL LOPEZ, STAR | ) | |
| NO. 2768, Individually, and as employee/Agents | ) | |
| of the CITY OF CHICAGO, a Municipal | ) | |
| Corporation, and THE CITY OF CHICAGO, a | ) | |
| Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COMES, JERMEKA NEIL, by and through her attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO.

1

2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, CHICAGO POLICE OFFICER ANGEL LOPEZ, STAR NO. 2768 and THE CITY OF CHICAGO, state as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, JERMEKA NEIL, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, and CHICAGO POLICE OFFICER ANGEL LOPEZ, STAR NO. 2768, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On October 13, 2011, Plaintiff was a passenger in a car driven by Brian Herron.

6. The Defendant Officers pursued Mr. Herron's vehicle to the vicinity of 701 N. Kedzie Avenue where it pulled over.

7. The Defendant Officers forced the Plaintiff out of the passenger seat of the car and onto the ground at approximately 701 N. Kedzie Avenue. The Defendant Officers began to beat the Plaintiff about the head and body.

8. While the Plaintiff was being beaten, the Defendant Officers began to mock the Plaintiff and make derogatory comments regarding her sexual orientation.

9. The Plaintiff was treated at St. Mary's Hospital for her injuries sustained in the beating.

10. After the Plaintiff was discharged from St. Mary's Hospital, she was taken to a Chicago Police station and placed in an interview room.

11. While in the interview room, Defendant Officers continued to mock the Plaintiff and make derogatory comments regarding her sexual orientation, calling her a "dyke bitch" and threatening her with incarceration in a federal penitentiary.

12. In order to cover up for each other's misconduct in the beating of the Plaintiff, the Defendants intimidated and threatened Brian Herron into signing a false statement that the Plaintiff hit her head on the dash board of his car.

13. The Defendant Officers also conspired to cover up their own and each other's misconduct by making false statements regarding the Plaintiff's injuries.

## COUNT I
## 42 U.S.C. § 1983: Excessive Force

14. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

15. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the

Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

16. As a result of the unreasonable and unjustifiable excessive force used by the Defendant Officers, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT II
### Equal Protection Violation

17. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

18. The beating of the Plaintiff was motivated by an anti-gay bias. The Defendant Officers repeatedly used anti-gay rhetoric and various anti-gay derogatory terms during the beating and arrest of the Plaintiff.

19. In doing so, the excessive force, against the Plaintiff was hate motivated and based on the Plaintiff's sexual orientation. Such conduct constitutes a violation of Section 1983, but also a violation of the Equal Protection Clause.

## COUNT III
### State Law Claim – Intentional Infliction of Emotional Distress

20. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

21. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

22. Defendant Officers' actions and conduct did directly and proximately cause a severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

23. The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of the Plaintiff.

24. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT IV
### Section 1983 Conspiracy Claims

25. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

26. The Defendant Officers acted in concert with each other to intentionally deprive Plaintiff of her Constitutional rights under color of law.

27. In furtherance of this conspiracy, otherwise known as the "code of silence" within the Chicago Police Department, the Defendant Officers took overt acts in fabricating false police reports and witness statements in an effort to cover up the beating of the Plaintiff, all in violation of both state and federal law.

28. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

29. As a result of the above-described wrongful infringement of Plaintiff's rights, she has suffered financial and other damages, including but not limited to emotional stress and anguish.

30. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT V

5

**State Law claim: Indemnification**

31. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

32. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

33. DEFENDANT OFFICERS are or were employees of The City of Chicago acting within the scope of their employment in committing the misconduct described herein. The City of Chicago is responsible to indemnify any compensatory judgment or settlements entered against the DEFENDANT OFFICERS in their capacity as Chicago Police Officers.

**REQUEST FOR RELIEF**

34. Plaintiff, JERMEKA NEIL, respectfully requests that the Court:

   a. Enter judgment in her favor and against Defendants, CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, and CHICAGO POLICE OFFICER ANGEL LOPEZ, STAR NO. 2768;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, and CHICAGO POLICE OFFICER ANGEL LOPEZ, STAR NO. 2768;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE

                OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, and CHICAGO POLICE OFFICER ANGEL LOPEZ, STAR NO. 2768;

d.    Award punitive damages against CHICAGO POLICE OFFICER NICHOLAUS LESCH, STAR NO. 13061; CHICAGO POLICE OFFICER ANDREW KROLL, STAR NO. 14373; CHICAGO POLICE OFFICER TERRY FRIGO, STAR NO. 8585; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER ALBERT WYROBA, STAR NO. 3152; CHICAGO POLICE SERGEANT RENTER, STAR NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, STAR NO. 4024, and CHICAGO POLICE OFFICER ANGEL LOPEZ, STAR NO. 2768 in their individual capacities; and

e.    Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JERMEKA NEIL demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                Respectfully submitted,

                /s/ Jeffrey J. Neslund
                JEFFREY J. NESLUND, Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Michael D. Robbins
Michael D. Robbins & Associates
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000