IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMEKA NEIL, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER NICHOLAUS | ) | No. 12 cv 08220 |
| LESCH, STAR NO. 13061); CHICAGO POLICE | ) | |
| OFFICER ANDREW KROLL, STAR NO. 14373; | ) | |
| CHICAGO POLICE OFFICER TERRY FRIGO, STAR | ) | |
| NO. 8585; CHICAGO POLICE OFFICER SERGIO | ) | Hon. Sara L. Ellis |
| CORONA, STAR NO. 3331; CHICAGO POLICE | ) | |
| OFFICER ALBERT WYROBA, STAR NO. 3152; | ) | Magistrate Young B. Kim |
| CHICAGO POLICE SERGEANT RENTER, STAR | ) | |
| NO. 2052; CHICAGO POLICE OFFICER R. DELANEY, | ) | |
| STAR NO. 4024; CHICAGO POLICE OFFICER | ) | |
| ANGEL LOPEZ, STAR NO. 2768, Individually, and as | ) | |
| employee/Agents of the CITY OF CHICAGO, a | ) | JURY DEMAND |
| Municipal Corporation, and THE CITY OF CHICAGO, | ) | |
| a Municipal Corporation, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO AND DEFENDANT OFFICER ANGEL LOPEZ'S
MEMORANDUM IN SUPPORT OF THEIR
RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS
<u>PURSUANT TO THE STATUTES OF LIMITATIONS</u>**

Three years and four months passed between Plaintiff's October 13, 2011 arrest and the filing of Plaintiff's Second Amended Complaint that named Officer Angel Lopez as a defendant for the first time. Plaintiff's late addition of Officer Lopez comes after the one-year statute of limitations for Plaintiff's state-law claims, after the two-year statute of limitations for Plaintiff's federal claims, and after the time allowed under the relation-back provisions of Federal Rule of Civil Procedure 15(c)(1)(C). Plaintiff's claims against Officer Lopez are too late and must be dismissed by this Court pursuant to the statute of limitations. Officer Lopez is entitled to judgment as to Plaintiff's claims against him, and any indemnification claim against the City related to Officer Lopez's conduct must also be dismissed as a matter of law pursuant to the

statutes of limitations. Therefore, judgment should be awarded both in favor of Officer Lopez on all claims and in favor of the City on the indemnification claims pertaining to Officer Lopez's conduct.

## PROCEDURAL HISTORY

On October 12, 2012, the eve of the one-year anniversary of Plaintiff's arrest, Plaintiff filed her Complaint (Dkt. 1). This initial complaint included four federal civil rights claims and one state-law claim against the individual defendants, including "Other Unknown Chicago Police Officers." *Id*. at 2. These claims stemmed from Plaintiff's October 13, 2011 arrest.

The named defendants moved to dismiss Plaintiff's complaint on January 11, 2013. (Dkt. 8). The Court granted Defendants' motion in part and allowed Plaintiff to file her Amended Complaint. (Dkt. 15).

On January 23, 2013, Plaintiff filed her First Amended Complaint (Dkt. 16), naming the same individual defendants as were named in the original complaint. Officer Lopez was not named in Plaintiff's First Amended Complaint. *Id*.

The Court denied the Defendants' motion to dismiss the First Amended Complaint on February 13, 2013 (Dkt. 21), which sought to dismiss certain counts for a failure to state a claim. Thereafter, the defendant officers answered Plaintiff's First Amended Complaint on March 6, 2013. (Dkt. 23). The parties then engaged in discovery. During a Rule 16 conference on April 16, 2013, the Court held that discovery would close on October 31, 2013. (Dkt. 25). That Rule 16 conference was continued to June 12, 2013, at which time the Court reiterated that "[a]ll fact discovery was to be completed by 10/31/2013." (Dkt. 26). The Court also ruled that the "Parties are allowed until 10/31/2013 to join additional parties and to amend the pleadings." *Id*.

Discovery continued from the June 12, 2013 conference until September 25, 2013. On

September 25, 2013, the Court stayed discovery with the exception of one witness deposition. (Dkt. 50). This stay would be continued periodically until the resolution of Plaintiff's underlying criminal matter. (Dkts. 56, 57, 59, 62, 63).

October 13, 2013 marked the two-year anniversary of the alleged incident forming the basis of Plaintiff's complaint. As of October 13, 2013, the First Amended Complaint was the operative complaint, and it named only the City of Chicago, Officer Lesch, Officer Kroll, Officer Frigo, Officer Corona, Officer Wyroba, Officer Delaney, Sergeant Rentner,[1] and "Other Unknown Chicago Police Officers." (Dkt. 16, at ¶4). Plaintiff had not yet named Officer Lopez as a defendant as of October 13, 2013.

During the February 12, 2015 status hearing, the Court granted Plaintiff leave to file an amended complaint. (Dkt. 64). Plaintiff filed her Second Amended Complaint on February 19, 2015, and, for the first time, named Officer Lopez as a defendant. (Dkt. 68).

## STANDARD OF REVIEW

Because a statute of limitations defense is an affirmative defense, Officer Lopez brings this motion under Federal Rule of Civil Procedure 12(c). In circumstances "when all relevant facts are presented, the court may properly dismiss a case before discovery – typically through a Rule 12(c) Motion for Judgment on the Pleadings – on the basis of an affirmative defense." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). A complaint must not plead all facts necessary to defeat a statute of limitations defense, but dismissal is appropriate where the allegations of the complaint reveal that relief is barred by the applicable statute of limitations. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Jay E. Hayden Found. V. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010) ("[I]f it is plain from the complaint that the defense is indeed a bar to suit dismissal is

---

[1] Sergeant Rentner was incorrectly identified as Sergeant Renter. (Dkt. 16, at ¶4).

3

proper without further pleading.").

Here, although the parties engaged in discovery, this Court need not rely on matters beyond the pleadings in order to decide Officer Lopez's Rule 12(c) Motion for Judgment on the Pleadings Pursuant to the Statutes of Limitations. Based upon this standard of review, all of Plaintiffs' claims against Officer Lopez, and any indemnification claim against the City related to Officer Lopez's conduct, must be dismissed as a matter of law pursuant to the statutes of limitations and judgment should be awarded in favor of Officer Lopez and in favor of the City as to Officer Lopez's conduct.

## ARGUMENT

**1. Plaintiff filed After the Statutes of Limitations Ran for Plaintiff's Claims.**

A one-year statute of limitations applies to Plaintiff's state-law "Intentional Infliction of Emotional Distress" (Count III) and "Indemnification" (Count V) claims against Officer Lopez, a municipal employee. 745 ILCS 10/8-101(a) (West 2006); *See also Evans v. City of Chicago*, 434 F.3d 916, 934-35 (7th Cir. 2006) (applying the Tort Immunity Act to bar state law claims against municipal employees filed one year after accrual). Furthermore, the City cannot be liable pursuant to Plaintiff's indemnification claim for the conduct of Officer Lopez if this officer is dismissed from the case. 745 ILCS 10/2-109 (1994). Count III and Count V as it pertains to Officer Lopez was filed on February 19, 2015, well-beyond the October 13, 2012 deadline for state-law claims against municipal employees. These two claims are time barred pursuant to the statute of limitations.

Federal civil rights suits brought pursuant to § 1983 use the same statute of limitations and tolling rules that states employ for personal-injury claims. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Illinois, a two-year statute of limitations applies to personal injury claims.

*Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008) (citing 735 ILCS 5/13-202). Counts I, II, and IV of Plaintiff's Second Amended Complaint allege federal civil rights violations against Officer Lopez. Plaintiff filed these claims against Officer Lopez more than 16 months after the two-year statute of limitations expired. Plaintiff's federal claims are also untimely.

In light of the late filing, Plaintiff's only possible method for overcoming the statute of limitations defense is a showing that all five of these claims relate back to the date of an original, timely complaint. For the reasons discussed below, Plaintiff's claims, as a matter of law, do not relate back, and Officer Lopez is entitled to judgment in his favor.

2. **Relation Back Under Rule 15(c)(1)(C) Only Applies in Limited Circumstances Not Present in this Case.**

The seminal Supreme Court case interpreting relation back under Rule 15(c)(1)(C) is *Krupski v. Costa Crociere S.p. A.*, 560 U.S. 538 (2010). Rule 15(c)(1) allows a plaintiff's amended pleading to relate back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(emphasis added). In *Krupski*, the Supreme Court held that Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period concerning the mistake regarding the proper party's identity. *Krupski*, 560 U.S. at

548. The Rule requires that the plaintiff made a *mistake* concerning the proper party's identity, and the *Krupski* analysis pre-supposes that the plaintiff actually made a mistake. *Id*. Unlike the situation in Ms. Neil's case, the Court in *Krupski* held that the plaintiff mistakenly sued the wrong corporate entity and the party to be added was aware of the mistake during the Rule 4(m) period. *Id*. at 554-555, 556 (holding that the "interrelationship and similarity" of the two parties' names, Costa Cruise and Costa Crociere, "heightened the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities.").

When generally addressing Rule 15(c)(1)(C) issues, the Seventh Circuit clarified *Krupski* by explaining:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Techs. Racing Corp*, 638 F.3d 555, 559-60 (7th Cir. 2011). When addressing a "mistake" created by confusion of corporate entities, the Courts have been willing to allow relation back. *See e.g., Krupski*, 560 U.S. 538; *Joseph*, 638 F.3d at 559-60. However, the Seventh Circuit is less inclined to find relation back in cases involving "John Doe" or "Unknown" defendants.

Since *Krupski*, the Seventh Circuit examined relation back with respect to "John Doe" or "Unknown" defendants. The plaintiff in *Gomez v. Randle* brought a civil rights suit under 42 U.S.C. § 1983 against an unidentified corrections officer. *Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012). Although the Seventh Circuit found that the district court improperly failed to

6

incorporate the tolling period on the two-year statute of limitations, the Seventh Circuit instructed that "[a] plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning of the defendant's identity. *Id*. at 864 n.1 (internal citations omitted). Accordingly, once the statute of limitations period expires, Gomez cannot amend his complaint to substitute a new party in the place of 'John Doe.'" *Id*.

Similarly, in *Vance*, Judge Wood's concurring opinion signals that, even after *Krupski*, naming a "John Doe" defendant does not constitute a mistake for purposes of Rule 15(c)(1)(C). *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, J., concurring). Judge Wood wrote that after the two-year statute of limitations ran, the case against the John Doe defendants terminated, because "we do not permit relation back under Federal Rule of Civil Procedure 15(c)(1)(C) where the plaintiff simply did not know whom to sue." *Id*. In the wake of *Krupski*, the District Court for the Northern District of Illinois has routinely held that substitution of a named defendant in place of an "Unknown" or "John Doe" after the statute of limitations expires will not relate back and the those claims are therefore time barred. *Polk v. Dent*, No. 13-cv-9321, 2014 U.S. Dist. LEXIS 120050, at *5-7 (N.D.Ill. Aug. 28, 2014) (Aspen, J.) (claims against "Unknown Officers" cannot be brought against named officers substituted in place of unknowns after the statute of limitations had run); *Mitchell v. Nesemeier*, No. 11-cv-50329, 2013 U.S. Dist. LEXIS 146402, at *15-16 (N.D.Ill. Oct. 9, 2013) (Kapala, J.) (plaintiff did not make a "mistake" such that Rule 15(c)(1)(C)(ii)'s relation back provision applied so plaintiff's conversion of a "John Doe" officer to a named defendant after the statute of limitations ran was not allowed); *Stoller v. Dart*, No. 12-cv-4928, 2013 U.S. Dist. LEXIS 70541, at *12-14 (N.D.Ill.

May 17, 2013) (St. Eve, J.) (claims against "John Doe" officers were dismissed after the statute of limitations ran and indemnification claims against those unknown defendants' municipal employers are barred).

3. **Plaintiff's Late Addition of Officer Lopez Fails to Satisfy the Relation Back Provisions of Rule 15(c)(1)(C) and Officer Lopez is Entitled to Judgment as to Plaintiff's Claims.**

A mistake in identity is not the same as a lack of knowledge about a defendant's identity. *Gomez*, 680 F.3d at 864 n.1 (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)). When Plaintiff named "Other Unknown Chicago Police Officers" in her original complaint on October 12, 2012, Plaintiff did not make a "mistake" regarding the identity of the defendants she sought to include. Instead, Plaintiff simply lacked knowledge about the prospective defendant's identity. As a result, Plaintiff cannot avail herself of the relation-back provision of Rule 15(c)(1)(C). *Polk,* 2014 U.S. Dist. LEXIS 120050, at *5-7; *Mitchell*, 2013 U.S. Dist. LEXIS 146402, at *15-16; *Stoller*, 2013 U.S. Dist. LEXIS 70541, at *12-14.

At the time Plaintiff filed her initial October 12, 2012 complaint, Plaintiff lacked knowledge of who any additional defendants should be. The next day, October 13, 2012, marked the one-year statute of limitations deadline for Plaintiff's state-law claims. After October 13, 2012 passed, Plaintiff's complaint still included "Other Unknown Chicago Police Officers," indicating that Plaintiff lacked knowledge of additional defendants, which is not a mistake pursuant to Rule 15(c)(1)(C). Because Officer Lopez was not named within one year of the incident and relation back does not apply, Officer Lopez is entitled to judgment on the pleadings as to Plaintiff's state law claims.

Similarly, Plaintiff cannot avail herself of Rule 15(c)(1)(C)'s relation-back provision with respect to Plaintiff's federal claims. After evidencing Plaintiff's lack of knowledge of the proper

8

defendant by naming "Other Unknown Chicago Police Officers" in her original, October 12, 2012 complaint, the statute of limitations for Plaintiff's federal claims had not yet expired. Still within the two-year statute of limitations period for the federal claims, Plaintiff again evidenced her lack of knowledge of additional defendants by naming "Other Unknown Chicago Police Officers" in her January 23, 2013 First Amended Complaint.

Per the Court's order (Dkt. 26), discovery ensued as the clock continued to run on the two-year statute of limitations for Plaintiff's federal claims. After filing two complaints, Plaintiff had not yet named Officer Lopez as a defendant. Instead, Plaintiff continued to evidence her lack of knowledge by failing to substitute any additional named party for "Other Unknown Chicago Police Officers" after the October 13, 2013 deadline.

With respect to Plaintiff's federal claims, Plaintiff has only demonstrated a lack of knowledge, not a mistake, as to the identity of any additional prospective defendant. Plaintiff's February 19, 2015 Second Amended Complaint naming Officer Lopez for the first time is beyond the two-year statute of limitations for federal claims. Consequently, Officer Lopez is entitled to judgment as to Plaintiff's federal claims as well.

**CONCLUSION**

All Plaintiff's claims against Officer Lopez were filed beyond their respective statutes of limitations. Plaintiff's attempt to substitute Officer Lopez for previously unknown defendants after the statute of limitations is not, as a matter of law, the correction of a "mistake" such that Plaintiff received the benefit of Rule 15(c)(1)(C)(ii) relation back. Consequently, Officer Lopez is entitled to judgment as to all of Plaintiff's claims against him. Without a single viable claim left with respect to Officer Lopez's conduct, the City of Chicago is entitled to judgment as to any indemnification claim stemming from Officer Lopez's conduct.

          Respectfully submitted,
          SWANSON, MARTIN & BELL, LLP


By:    */s/ Ryan Finlen*
        ***As Attorney for Defendants***

Susan E. Sullivan
C. Ryan Finlen
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3300
Chicago, Illinois 60611
Office: (312) 321-9100/Fax: (312) 321-0990
Atty. No. 06305918
Email: rfinlen@smbtrials.com